NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29273
12-OCT-2011
08:29 AM**

NO. 29273

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO HOME MORTGAGE, INC., successor in
interest to The Prudential Home Mortgage Company, Inc.,
Plaintiff-Appellant, vs. U.S. FINANCIAL MORTGAGE CORP.,
Defendant-Appellee, and DOE DEFENDANTS 1 THROUGH 10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 04-1-1445)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Wells Fargo Home Mortgage, Inc.
(**Wells Fargo**) appeals from the Final Judgment of Dismissal
Without Prejudice entered on June 27, 2008 (**Judgment**), by the
Circuit Court of the First Circuit (**Circuit Court**),[1] in favor of
Defendant-Appellee U.S. Financial Mortgage Corp. (**U.S. Financial**)
and against Wells Fargo. On appeal, Wells Fargo contends that
the Circuit Court erred in granting U.S. Financial's motion to
dismiss the case for want of prosecution for Wells Fargo's
failure to timely file a pretrial statement, which motion was
orally granted at an August 31, 2007 hearing. U.S. Financial did
not file an Answering Brief or otherwise respond to Wells Fargo's
appeal.

---

[1] The Honorable Karen S.S. Ahn presided.

Upon careful review of the record and the brief submitted by Wells Fargo and having given due consideration to the arguments advanced and the issues raised, we resolve Wells Fargo's contentions as follows:

It appears from the record that Wells Fargo did, in fact, fail to timely file a pretrial statement. However, it also appears, from the minutes of the Circuit Court's August 6, 2007 settlement conference, that the parties had reached an agreement to submit the dispute to binding arbitration. The parties agreed to use DPR's arbitration services, and further agreed to a specific arbitrator and to split the costs of arbitration. Finally, it appears that the delays in this case were, at least in substantial part, related to settlement efforts and a stipulated removal of the dispute to federal court (although the case was later remanded back to the Circuit Court).

Based on our review of the record, we cannot conclude that Wells Fargo or its counsel deliberately delayed prosecution of the case or acted in a contumacious manner. See Bagalay v. Lahaina Restoration Found., 60 Haw. 125, 132, 138-39, 588 P.2d 416, 422, 425 (1978). Nor did U.S. Financial allege or appear to suffer any prejudice from the delay. In light of the foregoing, as well as the parties' agreement to submit the dispute to binding arbitration, and the well-established policies in favor of the enforcement of the agreement to arbitrate and the resolution of disputes on their merits, the interests of justice are not best served by dismissal of this case. As in Bagalay, "we can understand the trial court's lack of patience with the slow progress of this case," however, as the supreme court concluded in that case, we conclude that the Circuit Court erred in dismissing Wells Fargo's complaint. Id. at 138, 588 P.2d at 425.

Accordingly, we vacate the Circuit Court's June 27, 2008 Judgment and remand this case for the conduct of the binding

2

arbitration and such further proceedings as may be warranted thereafter.

DATED:   Honolulu, Hawai'i, October 12, 2011.

On the briefs:

Lester K.M. Leu
Gary Y. Okuda
Karyn A. Doi
(Leu & Okuda)
for Plaintiff-Appellant

Presiding Judge

Associate Judge

Associate Judge